FILED

2022 Mar-25  AM 11:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | | |
|---|---|---|
| **MARTHA DANIELS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | **7:22-cv-00268-LSC** |
| **GREENE COUNTY HOSPITAL** | ) | |
| **BOARD, <u>et al.</u>,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

---

Defendant Greene County Ambulance Service ("GCAS"), pursuant to <u>Federal Rules of Civil Procedure</u>, Rules 6, 7, and 12, answers the Complaint filed by Plaintiff Martha Daniels ("Daniels"), and asserts the following affirmative defenses:

**<u>Statement of Parties, Jurisdiction and Venue</u>**

1. GCAS is without sufficient information to admit or deny the allegations contained in Paragraph No. 1 of Daniels's Complaint and therefore denies the allegations contained in Paragraph No. 1 of Daniels's Complaint.

2.      GCAS is without sufficient information to admit or deny the allegations contained in Paragraph No. 2 of Daniels's Complaint and therefore denies the allegations contained in Paragraph No. 2 of Daniels's Complaint.

3.      GCAS is without sufficient information to admit or deny the allegations contained in Paragraph No. 3 of Daniels's Complaint and therefore denies the allegations contained in Paragraph No. 3 of Daniels's Complaint.

4.      GCAS admits it is an Alabama entity that does business and has its principal place of business in Greene County.

5.      GCAS admits that Greene County Hospital Board, Greene County Health System Foundation, Inc. and GCAS are collectively referred to as the "Greene County Health System" by Daniels.  However, GCAS denies that it is a part of the Greene County Health System.

6.      GCAS is without sufficient information to admit or deny the allegations contained in Paragraph No. 6 of Daniels's Complaint and therefore denies the allegations contained in Paragraph No. 6 of Daniels's Complaint.

7.      GCAS is without sufficient information to admit or deny the allegations contained in Paragraph No. 7 of Daniels's Complaint and therefore denies the allegations contained in Paragraph No. 7 of Daniels's Complaint.

4112829_1

8.      GCAS admits that Chris Jones ("Jones") was an Emergency Medical Technician on the date of occurrence made the basis of this suit.  GCAS denies the remaining allegations contained in Paragraph No. 8 of Daniels's Complaint.

9.      GCAS denies that Jones, Hunter Dodson ("Dodson") and Benny Abrams ("Abrams") were employees of the Greene County Health System. GCAS is without sufficient information to admit or deny the remaining allegations contained in Paragraph No. 9 of Daniels's Complaint and therefore denies the remaining allegations contained in Paragraph No. 9 of Daniels's Complaint.

10.     GCAS admits this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count Two, which asserts personal injury and wrongful death claims against the defendants pursuant to the Emergency Medical Treatment and Labor Act, 42 U.S.C. § 1395dd ("EMTALA").

11.     GCAS admits this Court has supplemental federal jurisdiction pursuant to 28 U.S.C. § 1367(a) over Count One, which asserts personal injury and wrongful death claims against the Defendants under Alabama law.

12.     GCAS admits venue is proper in the Northern District of Alabama, Western Division pursuant to 28 U.S.C. § 1391(b)(1), (c)(2), (d) and 28 U.S.C. § 1391(b)(2).

**Statement of Facts**

13.     GCAS is without sufficient information to admit or deny the allegations contained in Paragraph No. 13 of Daniels's Complaint and therefore denies the allegations contained in Paragraph No. 13 of Daniels's Complaint.

14.     GCAS is without sufficient information to admit or deny the allegations contained in Paragraph No. 14 of Daniels's Complaint and therefore denies the allegations contained in Paragraph No. 14 of Daniels's Complaint.

15.     GCAS is without sufficient information to admit or deny the allegations contained in Paragraph No. 15 of Daniels's Complaint and therefore denies the allegations contained in Paragraph No. 15 of Daniels's Complaint.

16.     GCAS is without sufficient information to admit or deny the allegations contained in Paragraph No. 16 of Daniels's Complaint and therefore denies the allegations contained in Paragraph No. 16 of Daniels's Complaint.

17.     GCAS is without sufficient information to admit or deny the allegations contained in Paragraph No. 17 of Daniels's Complaint and therefore denies the allegations contained in Paragraph No. 17 of Daniels's Complaint.

18.     GCAS is without sufficient information to admit or deny the allegations contained in Paragraph No. 18 of Daniels's Complaint and therefore denies the allegations contained in Paragraph No. 18 of Daniels's Complaint.

19.    GCAS is without sufficient information to admit or deny the allegations contained in Paragraph No. 19 of Daniels's Complaint and therefore denies the allegations contained in Paragraph No. 19 of Daniels's Complaint.

20.    GCAS is without sufficient information to admit or deny the allegations contained in Paragraph No. 20 of Daniels's Complaint and therefore denies the allegations contained in Paragraph No. 20 of Daniels's Complaint.

21.    GCAS admits an ambulance arrived on the scene.  GCAS denies the remaining allegations contained in Paragraph No. 21 of Daniels's Complaint.

22.    GCAS denies the allegations contained in Paragraph No. 22 of Daniels's Complaint.

23.    GCAS denies the allegations contained in Paragraph No. 23 of Daniels's Complaint.

24.    GCAS admits it provided medical assistance.  GCAS denies the remaining allegations contained in Paragraph No. 24 of Daniels's Complaint.

25.    GCAS admits that it transported Martha and Maleah in an ambulance to DCH Hospital in Tuscaloosa.

26.    GCAS denies the allegations contained in Paragraph No. 26 of Daniels's Complaint.

## <u>Count One - Common Law Negligence and Wantonness</u>

27.    GCAS adopts and incorporates its responses to Paragraph Nos. 1 through 26 of Daniels's Complaint in response to Paragraph No. 27 of Daniels's Complaint.

28.    GCAS admits Daniels purports to assert claims against the defendants pursuant to the Alabama common law torts of negligence and wantonness as modified by the Alabama Medical Liability Acts, <u>Alabama Code</u> § 6-5-480, <u>et seq.</u> ("AMLA").  GCAS denies any liability.

29.    GCAS denies the allegations contained in Paragraph No. 29 of Daniels's Complaint.

30.    GCAS denies the allegations contained in Paragraph No. 30 of Daniels's Complaint.

31.    GCAS denies the allegations contained in Paragraph No. 31 of Daniels's Complaint.

GCAS denies it is liable to Daniels for any wrongdoing or that Daniels is entitled to any of the relief requested in the unnumbered paragraph following Paragraph No. 31, including subparagraphs (1) and (2) of Daniels's Complaint and respectfully requests this Court enter judgment in favor of GCAS, dismiss Daniels's claims against GCAS, with prejudice, and tax all court costs against Daniels.

4112829_1

## Count Two - EMTALA

32.    GCAS adopts and incorporates its responses to Paragraph Nos. 1 through 31 of Daniels's Complaint in response to Paragraph No. 32 of Daniels's Complaint.

33.    GCAS admits Daniels purports to assert claims against the defendants pursuant to EMTALA § 1395dd(d)(2)(A).

34.    GCAS denies the allegations contained in Paragraph No. 34 of Daniels's Complaint.

35.    GCAS denies the allegations contained in Paragraph No. 35 of Daniels's Complaint.

36.    GCAS denies the allegations contained in Paragraph No. 36 of Daniels's Complaint.

37.    GCAS denies the allegations contained in Paragraph No. 37 of Daniels's Complaint.

38.    GCAS denies the allegations contained in Paragraph No. 38 of Daniels's Complaint.

39.    GCAS denies the allegations contained in Paragraph No. 39 of Daniels's Complaint.

40.    GCAS denies the allegations contained in Paragraph No. 40 of Daniels's Complaint.

41.   GCAS denies the allegations contained in Paragraph No. 41 of Daniels's Complaint.

42.   GCAS denies the allegations contained in Paragraph No. 42 of Daniels's Complaint.

GCAS denies it is liable to Daniels for any wrongdoing or that Daniels is entitled to any of the relief requested in the unnumbered paragraph following Paragraph No. 42, including subparagraphs (a) and (b) of Daniels's Complaint and respectfully requests this Court enter judgment in favor of GCAS, dismiss Daniels's claims against GCAS, with prejudice, and tax all court costs against Daniels.

## Jury Demand

43.   GCAS also demands a trial by struck jury as to all of Daniels's claims.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

GCAS denies all allegations of Daniels's Complaint not explicitly admitted in this Answer and demands strict proof of those allegations.

### SECOND AFFIRMATIVE DEFENSE

Daniels's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

4112829_1

## THIRD AFFIRMATIVE DEFENSE

Daniels's claims, in whole or in part, are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Daniels's claims, in whole or in part, are barred by the doctrine of collateral estoppel.

## FIFTH AFFIRMATIVE DEFENSE

GCAS denies it owed a duty to Daniels.

## SIXTH AFFIRMATIVE DEFENSE

GCAS denies it breached any duty owed to Daniels.

## SEVENTH AFFIRMATIVE DEFENSE

GCAS denies it acted negligently or wantonly towards Daniels.

## EIGHTH AFFIRMATIVE DEFENSE

Daniels was contributorily negligent.

## NINTH AFFIRMATIVE DEFENSE

GCAS denies that Daniels's injuries and damages, as set forth in Daniels's Complaint, proximately resulted from any alleged acts or failure to act by GCAS.

## TENTH AFFIRMATIVE DEFENSE

GCAS reserves all defenses available to it as set forth in <u>Federal Rules of Civil Procedure</u> 8(c) and 12(b)(1) through 12(b)(7), for which a good faith basis exists.

## ELEVENTH AFFIRMATIVE DEFENSE

There is no causal relation between GCAS's actions and Daniels's alleged injuries and damages.

## TWELFTH AFFIRMATIVE DEFENSE

GCAS avers that Daniels's injuries and damages were caused by an intervening, superseding event or cause.

## THIRTEENTH AFFIRMATIVE DEFENSE

GCAS denies the nature, extent, and degree of damages claimed by Daniels.

## FOURTEENTH AFFIRMATIVE DEFENSE

GCAS asserts and pleads the benefits, and defenses of the provisions of the Alabama Medical Liability Act (1975) <u>Ala. Code</u> §§ 6-5-480 through 6-5-488, and the benefits and defenses contained in the Alabama Medical Liability Act of 1987, <u>Ala. Code</u> §§ 6-5-540 through 6-5-552.

## FIFTEENTH AFFIRMATIVE DEFENSE

GCAS asserts and pleads the benefits, limitations on damages and defenses contained in <u>Ala. Code</u> §§ 6-11-20 through 6-11-30.

10

4112829_1

**SIXTEENTH AFFIRMATIVE DEFENSE**

As an affirmative defense to Daniels's claims, GCAS asserts the provisions, separately and severally, of The Alabama Medical Liability Acts of 1987 and 1996, and all amendments to those Acts, and specifically plead and assert applicability of Sections 6-5-481, 6-5-482, 6-5-484, 6-5-486, 6-5-487, 6-5-488, 6-5-542, 6-5-545, 6-5-546, 6-5-548, 6-5-549, 6-5-549.1, 6-5-550, 6-5-551 and 6-5-552.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

To the extent claimed, GCAS specifically avers that Daniels does not have standing or capacity to bring claims under 42 U.S.C. § 1395dd ("EMTALA").

**EIGHTEENTH AFFIRMATIVE DEFENSE**

To the extent claimed, GCAS denies that Daniels is entitled to maintain a claim against it under 42 U.S.C. § 1395dd ("EMTALA").

**NINETEENTH AFFIRMATIVE DEFENSE**

To the extent claimed, under 42 U.S.C. § 1395dd ("EMTALA"), GCAS denies actual notice and/or knowledge of an emergency medical condition.

**TWENTIETH AFFIRMATIVE DEFENSE**

To the extent claimed, GCAS denies Daniels's allegations of violations of EMTALA, and further denies that any acts alleged to constitute a violation of EMTALA by it proximately caused or contributed to the death of Maleah.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

GCAS alleges Daniels bears the burden in this case of proof beyond a reasonable doubt before any award of punitive damages can be made.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

GCAS denies Daniels suffered any damage as a direct or proximate result of GCAS's actions.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Any damages sustained by Daniels were not foreseeable.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any damages claimed by Daniels in this action resulted from the acts, omissions or events, other than the alleged acts or omissions of GCAS.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any damages claimed by Daniels in this action resulted from the actions of a third-party over whom GCAS has no control.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Daniels failed to mitigate her damages.  Alternatively, if Daniels did mitigate her alleged damages, GCAS is entitled to an offset.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

GCAS denies that Daniels is entitled to any relief or recovery against it. However, GCAS pleads, as an affirmative defense, the provisions of Ala. Code §

4112829_1

11-93-2, providing that the recovery of damages under any judgment against a governmental entity shall be limited to $100,000 for bodily injury or death for one person in any single occurrence.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The punitive damages sought by Daniels are unconstitutional under the Excessive Fines clause of the Eighth Amendment and the Due Process clause of the Fourteenth Amendment to the United States Constitution.  Daniels's claims for punitive damages are barred further because the acts, if any, and omissions, if any, of GCAS, which are specifically denied, fail to rise to the level required to sustain a reward of punitive damages; were trivial and isolated; were not motivated by evil intent or discriminatory intent or intent to harm; do not evidence a malicious, oppressive, or fraudulent intent to deny Daniels his protected rights; and are not so wanton or willful as to support an award of punitive damages.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Daniels's claims of punitive damages violate the Fifth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)   It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United Sates Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon

Daniels satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendants, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

4112829_1

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g)     The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportion, or bear a reasonable relationship, to the actual harm incurred;

(h)     The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

## THIRTIETH AFFIRMATIVE DEFENSE

The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The award of punitive damages to Daniels in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

GCAS reserves the right to amend its Answer to Daniels's Complaint to raise any claims or additional defenses that may become available during the pendency of this litigation.

DATED:  March 25, 2022.

Respectfully submitted,


By: _/s **Taffi S. Stewart**_____
    E. Britton Monroe, Esq. (asb-1454-072e)
    Taffi S. Stewart, Esq. (asb-0450-m72t)
    Sarah G. Redmond, Esq. (asb-4416-n10p)
    *Attorneys for Defendant Greene County*
    *Ambulance Service*

**OF COUNSEL:**
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
880 Montclair Road, Suite 100
Birmingham, Alabama 35213
Phone:  (205) 967-8822
Fax:  (205) 967-2380
bmonroe@lgwmlaw.com
tstewart@lgwmlaw.com
sredmond@lgwmlaw.com

4112829_1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 25th day of March, 2022, a true and correct copy of the foregoing has been furnished either through the Court's electronic filing or by U.S. Mail, postage prepaid, upon the following parties and other relevant individuals:

Derrick A. Mills, Esq.
Richard J. Riley, Esq.
William R. Andrews, Esq.
Ben Ford, Esq.
Marsh, Rickard & Bryan, P.C.
800 Shades Creek Parkway
Suite 600D
Birmingham, AL 35209
Phone - (205) 879-1981
dmills@mrblaw.com
rriley@mrblaw.com
ripandrews@mrblaw.com
bford@mrblaw.com
*Attorneys for Plaintiff*

/s  ***Taffi S. Stewart***
OF COUNSEL

4112829_1