IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA, WESTERN DIVISION

| | |
|---|---|
| MARTHA DANIELS ) | |
| ) | Jury Trial Demanded |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. |
| ) | 7:22-cv-268-LSC |
| GREENE COUNTY HOSPITAL & NURSING HOME ) | |
| GREENE COUNTY HEALTH ) | The Hon. Chief Judge L. |
| SYSTEM FOUNDATION INC. ) | Scott Coogler presiding |
| MARCIA PUGH ) | |
| SALAHUDDIN FAROOQUI ) | |
| DEBRA SUSAN ROSS HALL ) | |
| MAMIE NEWTON ) | |
| JITTAUN SHIELDS WILLIAMS ) | |
| ANDREA WOODS ) | |
| GREENE COUNTY AMBULANCE SERVICE ) | |
| CHRIS JONES ) | |
| HUNTER DODSON ) | |
| BENNIE ABRAMS III ) | |
| ) | |
| Defendants ) | |

## FIRST AMENDED COMPLAINT

Comes now the plaintiff, Martha Daniels, who brings claims for (a) the wrongful death of her daughter, Maleah Daniels, and (b) her own personal injuries against twelve defendants: (1) Greene County Hospital & Nursing Home, (2) Greene County Health System Foundation Inc., (3) Marcia Pugh, (4) Dr. Salahuddin Farooqui, (5) Debra Susan Ross Hall, (6) Mamie Newton, (7) Jittaun Shields Williams, (8) Andrea Woods, (9) Greene County Ambulance Service, (10) Chris Jones, (11) Hunter Dodson, and (12) Bennie Abrams III.

-1-

Statement of Parties, Jurisdiction and Venue

1. The plaintiff, Martha Daniels, is an adult citizen of the State of Alabama and a resident Greene County. She is the natural mother and custodial parent of her deceased daughter, Maleah Daniels.

2. The defendant, Greene County Hospital & Nursing Home, is an Alabama corporation or entity that has its principal place of business in the State of Alabama, and does business in Greene County.

3. The defendant, Greene County Health System Foundation Inc., is an Alabama corporation that has its principal place of business in the State of Alabama, and does business in Greene County.

4. Greene County Hospital & Nursing Home and Greene County Health System Foundation Inc. are hereafter collectively referred to as the "Greene County Health System."

5. The defendant, Greene County Ambulance Service (also known as Greene County Emergency Medical Services), is an Alabama corporation or other entity that has its principal place of business in the State of Alabama, and does business in Greene County.

6. The defendant, Marcia Pugh, is an adult citizen of the State of Alabama and a resident Greene County. Pugh was the Greene County Hospital administrator on the date of the occurrence made the basis of this suit.

7. The defendant, Dr. Salahuddin Farooqui, is an adult citizen of the State of Alabama and a resident Greene County. Dr. Farooqui was a licensed medical physician on the date of the occurrence made the basis of this suit.

7.1. The defendants, Debra Susan Ross Hall, Mamie Newton, Jittaun Shields Williams, and Andrea Woods, are all adult citizens of the State of Alabama and all residents of Greene County. Hall, Newton, and Shields were registered nurses and Woods was a patient care technician on the date of the occurrence made the basis of this suit.

8. The defendants, Chris Jones, Hunter Dodson, and Bennie Abrams III, are adult citizens of the State of Alabama and residents of Greene County. Jones, Dodson, and Abrams were emergency medical technicians ("EMTs") and/or ambulance drivers on the date of the occurrence made the basis of this suit.

9. Pugh, Dr. Farooqui, Hall, Newton, Shields, and Woods were employees of the Greene County Health System, and they were acting within the course and scope of their employment during the events made the basis of this lawsuit.

9.1 Jones, Dodson, and Abrams were employees of Greene County Ambulance Service, and they were acting within the course and scope of their employment during the events made the basis of this lawsuit.

10. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count 2, which asserts personal injury and wrongful death claims

against the Greene County Health System pursuant to the Emergency Medical Treatment and Labor Act, 42 U.S.C. § 1395dd ("EMTALA").

11. This Court has supplemental federal jurisdiction pursuant to 28 U.S.C. § 1367(a) over Count 1, which asserts personal injury and wrongful death claims against all of the Defendants under Alabama law.

12. Venue is proper in this division and district pursuant to 28 U.S.C. § 1391(b)(1),(c)(2),(d) because all of the Defendants reside in this division and district under the meaning of this statue. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this division and district.

## Statement of Facts

13. On or about March 25, 2021, Martha was pregnant with Maleah. Early that morning, Martha began having labor contractions and called 911 for emergency assistance. No emergency medical services personnel responded, so Martha arranged for relatives to drive her to the Greene County Hospital, which was the nearest hospital.

14. The Greene County Hospital is a general service hospital that operates an emergency room. It is owned and operated by the Greene County Health System.

15. Greene County Health System had a provider agreement with the Secretary of Health and Human Services pursuant to 42 U.S.C. § 1395cc at all times pertinent to this action.

16. When Martha and her relatives arrived at Greene County Hospital, they explained to the employees of the Greene County Health System (including, but not limited to, Hall, Newton, Shields, and Woods) the nature of Martha's emergency. Specifically, Martha and her family members not only informed them she was in active labor, but that she was having the baby right at that moment, and that she needed emergency assistance.

17. The employees of the Greene County Health System (including, but not limited to, Hall, Newton, Shields, and Woods) told Martha and her family: "You have to leave; we do not deliver babies here."

18. The employees of the Greene County Health System (including, but not limited to, Hall, Newton, Shields, and Woods) even told Martha and her family that they needed to move their vehicle away from the emergency entrance.

19. Martha's family again called 911 -- this time from outside the Green County Hospital emergency entrance.

20. Noticing this medical emergency outside of the Green County Hospital entry, Dr. Farooqui (who lived nearby) walked over and began rendering assistance. However, the employees of the Greene County Health System (including, but not

limited to, Hall, Newton, Shields, and Woods) told Dr. Farooqui not to assist in any way. Dr. Farooqui ceased providing assistance, but stood there and watched Martha and her family struggle with the situation.

21. Sometime later, an ambulance arrived that was owned by the Greene County Ambulance Service.

22. Employees of the Greene County Ambulance Service (including, but not limited to, Jones, Dodson, and Abrams) refused to offer any help, assistance, or care to Martha or Maleah.

23. Maleah was born while the Defendants and their employees watched Martha struggle in the front passenger seat of the vehicle with her pants partially pulled down. However, because no one would help her, Martha had to catch Maleah when she was born to keep her from dropping to the vehicle floor.

24. Maleah was alive, but she needed medical assistance. The Greene County Ambulance Service employees (including, but not limited to, Jones, Dodson, and Abrams) provided some assistance, including attempting some resuscitations for Maleah, and they cut the umbilical cord. However, they provided no other assistance.

25. The Greene County Ambulance Service employees (including, but not limited to, Jones, Dodson, and Abrams) ultimately transported Martha and Maleah in the ambulance to DCH Hospital in Tuscaloosa.

26. Maleah died in transit to DCH, and DCH medical providers pronounced Maleah dead after they arrived.

### Count One – Common Law Negligence and Wantonness

27. Martha re-adopts and re-alleges all of the allegations contained in paragraphs above as if they were fully stated herein.

28. This count is asserted against all of the Defendants pursuant to the Alabama common law torts of negligence and wantonness as modified by the Alabama Medical Liability Acts, Ala. Code §§ 6-5-480, et seq. ("AMLA").

29. In March of 2021, the Defendants and their employees were under a legal duty by contract, the common law, their undertakings, the standard of care, and other ways to possess and exercise that degree of care, skill and diligence commonly possessed and exercised by similar providers of health care services acting under the same or similar circumstances.

30. In providing health care services to Martha and Maleah (and/or by failing to do so), the Defendants and their employees negligently and/or wantonly breached the applicable standard of care in one or more of the following ways:

    (a) by failing to timely and properly triage, evaluate and/or treat Martha and Maleah, who were both in an obvious medical emergency;

    (b) by failing to comply with hospital and EMS policies and procedures;

    (c) by refusing to provide medical assistance and care to Martha and Maleah, who were both in need of emergency medical care;

    (d) by instructing and/or refusing to permit others, including Dr. Farooqui, from providing assistance and care;

    (e) by failing to follow 42 U.S.C. § 1395cc, 42 C.F.R. § 489.24, and Ala. Admin. Code 420-5-9-.14; and

    (f) by failing to supervise, inform, instruct, and/or train others on the duties imposed by the aforementioned statutes and regulations.

31. As a proximate and probable result of the negligent and/or wanton conduct of the Defendants and their employees, (1) Maleah died and (2) Martha suffered unnecessary physical pain, emotional suffering, and mental anguish, including mental anguish and grief caused by being present during the death of Maleah.

31.1. Greene County Health System is vicariously liable for the torts of its employees (including, but not limited to, Pugh, Dr. Farooqui, Hall, Newton, Shields, and Woods) under the doctrine of respondeat superior and other doctrines.

31.2. Greene County Ambulance Service is vicariously liable for the torts of its employees (including, but not limited to, Jones, Dodson, and Abrams) under the doctrine of respondeat superior and other doctrines.

WHEREFORE, PREMISES CONSIDERED, Martha demands judgment, determined by a struck jury, against the Defendants, jointly and severally, and that the jury award her:

    (1) punitive damages for the wrongful death of Maleah pursuant to Ala. Code § 6-5-391 in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent and deter other similar acts; and

(2) compensatory damages in an amount which will adequately compensate Martha for her own injuries and damages, and if wantonness is proven, punitive damages to punish the Defendants and prevent similar wrongs in the future.

Further, Martha requests that the Court enter judgment consistent with the verdict and that it also award interest from the date of the judgment and the costs incurred in managing this lawsuit.

## Count Two -- EMTALA

32. Martha re-adopts and re-alleges all of the allegations contained in paragraphs above as if they were fully stated herein.

33. This count is asserted against the Greene County Health System pursuant to EMTALA § 1395dd(d)(2)(A).

34. Maleah and Martha were not given an appropriate medical screening within the meaning of EMTALA.

35. The failure by Greene County Health System and its employees to screen Maleah and Martha in the usual manner was motivated, in part, by economic considerations.

36. Greene County Health System and its employees failed to provide immediate medical attention that they knew or should have known was necessary to prevent the health of Maleah and Martha from being in serious jeopardy.

37. Greene County Health System and its employees failed to provide medical treatment within the capabilities of their staff and facilities to stabilize Maleah's and Martha's emergency medical condition.

38. Greene County Health System and its employees refused to admit Maleah and Martha, and instead instructed them to go away.

39. Greene County Health System and its employees failed to sign a certification that the medical benefits reasonably expected from the provision of appropriated medical treatment at another facility outweighed the risks of transfer.

40. Greene County Health System and its employees failed to provide medical treatment to minimize the risks to the health of Maleah and Martha during transfer.

41. Greene County Health System and its employees failed to provide qualified personnel and transportation equipment, including the necessary and medically appropriate life support measures, during the transfer.

42. As a proximate and probable result of the negligent and/or wanton conduct of Greene County Health System and its employees, (1) Maleah died and (2) Martha suffered unnecessary physical pain, emotional suffering, and mental anguish, including their mental anguish and grief caused by the death of Maleah.

42.1 Greene County Health System is vicariously liable for the torts of its employees under EMTALA.

WHEREFORE, PREMISES CONSIDERED, Martha demands judgment, determined by a struck jury, against Greene County Health System, and that the jury award her:

    (a) punitive damages for the wrongful death of Maleah pursuant to Ala. Code § 6-5-391 in an amount which will adequately reflect the enormity of the Greene County Health System's wrongful acts and which will effectively prevent and deter other similar acts; and

    (b) compensatory damages in an amount which will adequately compensate Martha for her own injuries and damages, and if wantonness is proven, punitive damages to punish Greene County Health System and prevent similar wrongs in the future.

Further, Martha requests that the Court enter judgment consistent with the verdict and that it also award interest from the date of the judgment and the costs incurred in managing this lawsuit.

### Jury Demand

43. Martha requests a trial by jury on all factual issues, including damages.

    Respectfully submitted,

    /s/ Richard Riley
    Derrick Mills | Rip Andrews
    Richard Riley | Ben Ford
    Attorneys for Plaintiff Martha Daniels

OF COUNSEL:
MARSH, RICKARD & BRYAN P.C.
800 Shades Creek Parkway, Suite 600 D
Birmingham, Alabama 35209
(205) 879-1981
dmills@mrblaw.com | ripandrews@mrblaw.com
rriley@mrblaw.com | bford@mrblaw.com

-12-

Certificate of Filing and Service

On April 27, 2022, I electronically filed the foregoing with the clerk via the CM/ECF system, which will electronically serve copies on the attorneys below at the stated email addresses.

    Dennis Vann Esq. (dvann@carrallison.com)
    Lea Richmond Esq. (lrichmond@carrallison.com)
    Britt Monroe Esq. (bmonroe@lgwmlaw.com)
    Taffi Stewart Esq. (tstewart@lgwmlaw.com)
    Sarah Redmond Esq. (sredmond@lgwmlaw.com)

                               /s/ Richard Riley
                              Richard Riley